UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO DE LEON LOPEZ,<br>Petitioner,<br>v.<br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-08961-DAD-SCR (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. No. 2) |

On October 30, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order. (Doc. Nos. 1, 2.) That same day, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondents' position in this regard. (*Id.*)

On November 4, 2026, respondents filed an opposition. (Doc. No. 6.) Therein, respondents state that they do not oppose this court ruling on the merits of the petition based on the present briefing. (*Id.* at 2.) Respondents concede that petitioner is lawfully detained pursuant

to U.S.C. § 1226(a), and he was scheduled to have a custody redetermination hearing on November 5, 2026. (*Id.* at 2–3.) Respondents argue that the petition should be dismissed because petitioner has failed to exhaust his administrative remedies before filing a habeas petition. (*Id.* at 4.)

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States in 2000 without inspection or admission and has continuously lived in this country for over twenty years without having previously encountered ICE. (Doc. No. 1 at ¶ 4.) On or about October 24, 2026, ICE arrested petitioner pursuant to a warrant. (Doc. No. 6 at 7–8, 14.) That same day, ICE issued him a notice to appear and provided petitioner with an initial custody determination where it was decided that he would remain detained pending the resolution of his removal proceedings. (*Id.* at 10–12, 16–17.) Also on that day, petitioner requested a custody redetermination hearing before an immigration judge. (*Id.* at 16.)

As to respondent's exhaustion requirement, petitioner challenges his detention on due process grounds. (Doc. No. 1 at ¶¶ 37–39.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioners raise due process challenges to the procedures employed by immigration authorities.

As to the merits of petitioner's claim, the undersigned has previously explained that the government's failure to promptly provide a petitioner with a custody re-determination hearing after they request one violates due process. *Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK (HC), 2026 WL 3206205, at *1–3 (E.D. Cal. Oct. 26, 2026). As noted, respondents claim that petitioner was scheduled for a custody redetermination hearing on November 5, 2026. (Doc. No. 6 at 2.) On November 2, 2026, petitioner's counsel filed a response to respondents' opposition. (Doc. No. 7.) Therein, counsel explains that the hearing scheduled for November 5, 2026 was a master calendar hearing, not a bond hearing. (*Id.* at ¶ 2.) Counsel further explains he confirmed with the immigration court that, as of November 2, 2026, no bond hearing was

scheduled for petitioner and he has yet to receive one since ICE detained him. (*Id.* at ¶¶ 3–5.) Pursuant to the reasoning set forth in *Escamilla- Santiago*, the court concludes that petitioner's detention without being provided a prompt custody redetermination hearing after he requested one violates due process and will order immediate release. *See also Rosendo v. Andrews*, No. 1:26-cv-08803-TLN-AC, 2026 WL 3307040, at *2–3 (E.D. Cal. Nov. 2, 2026) (ordering immediate release after concluding that the government violated due process where it failed to provide a petitioner with a custody redetermination hearing for "nearly two weeks" after the petitioner requested one).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Maximo De Leon Lopez, A-File No. 246-934-792, from respondents' custody;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
    c. Petitioner's request for attorney's fees is DENIED without prejudice to renewal on a properly noticed and supported motion;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

/////

/////

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE